IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CRYSTAL PANCAKE,

     Plaintiff,

vs.                              Case No.:

WALT DISNEY PARKS AND
RESORTS U.S., INC., a Florida
Profit Corporation

     Defendant.

_____/

## **COMPLAINT**

The Plaintiff, CRYSTAL PANCAKE ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC., ("Defendant"), and in support thereof, states as follows:

### **JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees and costs, pursuant to the Florida Civil Rights Act of 1992, and Florida Statues, Chapter 760, et seq. ("FCRA"), to redress injuries resulting from Defendant's unlawful discrimination based on disability and retaliation.

2. This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees and costs, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA"), to redress injuries resulting from Defendant's unlawful discrimination based on disability and retaliation.

3. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, failed to provide reasonable accommodation for her disabilities, altered the terms,

conditions, and privileges of her employment because of her disabilities, and retaliated against her in violation of her rights under the FCRA and ADA.

4. Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5. Plaintiff is a covered employee for purposes of FCRA and ADA.

6. This Court has original jurisdiction over Plaintiff's FCRA claims, as the actions giving rise to this lawsuit occurred in Orange County, Florida.

7. This Court also has supplemental jurisdiction over Plaintiff's ADA claims, as they arise out of the same operative facts and circumstances as do the FCRA claims.

8. Venue of this action is properly placed in Orange County, Florida, because Defendant operates a business where Plaintiff worked located at 1200 North Savannah Circle East, Lake Buena Vista, Florida 32830.

9. Defendant is a corporation authorized to conduct business in the State of Florida and registered through the Florida secretary of State.

10. Defendant is alleged to have engaged in unlawful employment practices, including discrimination based on disability, and retaliation for reporting the discrimination.

11. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

12. Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

14. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## GENERAL ALLEGATIONS

15. Plaintiff is disabled as she is diagnosed with epilepsy and a brain tumor. She was hired by Defendant in 1998 to work at the Walt Disney World Animal Health Clinical Facility in the Animal Kingdom amusement park. Plaintiff was hired as a Health Services Administrator Staff Member and her job duties included filing medical records.

16. In 2001, Plaintiff was promoted to Animal Health Assistant. Her job duties included entering lab results into the in-house computer platform, prepare the lab results for the veterinarian, and assist with shipment of animals sold or shipped to other zoos. She earned $28.50 per hour and worked 40 hours per week.

17. Plaintiff's supervisors were Leanne Blinco, the veterinary hospital manager, Bonni Wall, the human resources senior manager, and Samantha Klaff, the case advocate manager.

18. From 1998 to 2022, Plaintiff was never written up for any performance issues.

19. In 2023, Plaintiff underwent four (4) brain surgeries. The surgeries affected Plaintiff's verbal communication.

20. When Plaintiff returned to work from medical leave, Plaintiff's managers Leanne, Bonni, and Samantha, and a co-worker, Shikina LNU made discriminatory comments about Plaintiff's communication and began telling Plaintiff she was slacking and not doing her job.

21. Shikina LNU harassed Plaintiff so that they got into a dispute. Plaintiff reported the harassment and reported that Shikina LNU was mistreating her this way because of her surgeries.

22. Plaintiff reported the harassment and discrimination to Leanne Blinco and notified Samantha that she would get a note from her medical provider as she needed reasonable accommodations.

23. On or about May 7, 2024, Plaintiff submitted the note from her medical provider requesting specific accommodations that Defendant use written communication when conveying data, requests, to-do lists. No action was taken regarding Plaintiff's accommodation requests.

24. Instead, the next day, on May 8, 2024, Plaintiff was terminated.

25. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times, she did perform her job at satisfactory or above-satisfactory levels.

26. Any reason given by Defendant for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

27. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") concurrently on or about November 20, 2024 (Charge No.: 511-2025-08035), attached *and incorporated* hereto as **Exhibit, "A."**

28. A Notice of Right to Sue was issued on June 24, 2025, attached *and incorporated* hereto as **Exhibit "B."**

29. This complaint is filed within 90 days of the EEOC's issuance of the Notice of Right to sue and within 1 year of the issuance of the Notice of Right to Sue as is required by the Florida Civil Rights Act.

30. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

31. Plaintiff has incurred attorney's fees and costs in bringing this matter.

## COUNT I
### Disability Discrimination in Violation of FCRA

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 as set forth in full herein.

33. Plaintiff is a member of a protected class under the FCRA as she has disabilities covered by the ADA. The disabilities are chronic and permanent and require accommodations. They interfere with Plaintiff's Activities of Daily Living, significantly.

34. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

35. The discrimination to which Plaintiff was subjected was based on disability.

36. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its motive to discriminate against Plaintiff.

37. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

39. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as this Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of FCRA*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 as set forth in full herein.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under FCRA.

43. The Defendant terminated Plaintiff's employment after reporting disability discrimination.

44. The retaliation which Plaintiff was subjected was based on her disability.

45. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

47. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been retaliated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as this Court deems just and proper under the circumstances.

## COUNT III
### *Disability Discrimination in Violation of ADA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 as set forth in full herein.

50. Plaintiff has disabilities covered by the ADA. The disabilities are chronic and permanent and require accommodations. They interfere with Plaintiff's Activities of Daily Living, significantly.

51. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

52. The discrimination to which Plaintiff was subjected was based on disability.

53. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its motive to discriminate against Plaintiff.

54. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future

pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

      f.   Grant Plaintiff such additional relief as this Court deems just and proper under the circumstances.

### COUNT IV
### *Retaliation in Violation of ADA*

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 as set forth in full herein.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the ADA.

60. The Defendant terminated Plaintiff's employment after requesting reasonable accommodation and reporting disability discrimination.

61. The retaliation which Plaintiff was subjected was based on her disability.

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

64. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been retaliated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated September 17, 2025.

Respectfully Submitted,

By: /s/ *Whitley V. Williams-Jelks*
**Daniel H. Hunt, Esq.**
Florida Bar No.: 121247
dhuntlaw@gmail.com
**Whitley V. Williams-Jelks, Esq.**
Florida Bar No. 1028592
whitley@themiamishark.com
THE MIAMI SHARK PA
11767 S. Dixie Hwy #407
Pinecrest, FL 33156

Phone: (305) 507-0511
Facsimile: (305) 513-5723

*Attorney for Plaintiff*

# EXHIBIT A

EEOC No. 510-2024-08035 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 510-2024-08035 |
| Florida Commission On Human Relations | |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Ms. Crystal Pancake



Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: WALT DISNEY WORLD

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: PO BOX 40

ORLANDO, FL 32830, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 03/01/2022

Latest: 05/08/2024

THE PARTICULARS ARE:

I am an individual with a disability. I was subjected to unlawful discrimination based upon my disability during my employment with the above referenced Respondent when I was denied a reasonable accommodation and terminated. Further, I was retaliated against for having engaged in legally protected activity, including seeking an accommodation, under the Americans with Disabilities Act of 1990, as amended.

I was hired by the Respondent in 1998. I held the position of Animal Health Assistant at the time of my termination on or about May 8, 2024. My working conditions began changing when I started reporting to a new supervisor in 2022. In 2023, I had 4 brain surgeries which really impacted my verbal communication. My manager and coworkers were making comments about my communication and harassing me stating that I was slacking and not doing my job. But overall, I was doing my best. Respondent has a point-based attendance/disciplinary policy. After my surgeries, I was reprimanded, but did not receive any explanation of what I did wrong and did not receive any written document. I requested specific accommodations with a note from my medical provider. I requested that Respondent use written communication whenever possible, especially when conveying data, requests, to-do lists, or anything I may need to remember at a later date. No action was taken on my request for accommodations. Shortly after my request for accommodation, my employment was terminated. No reason was given for the termination.

EEOC No. 510-2024-08035 | FEPA No.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended, and all applicable state statutes. Further, I believe I was retaliated against for having engaged in legally protected activity, including seeking an accommodation, under the Americans with Disabilities Act of 1990, as amended.

EEOC No. 510-2024-08035 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_____

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/24/2025

**To:** Ms. Crystal Pancake

Charge No: 510-2024-08035

EEOC Representative and email:     EDRAS REGISME
Federal Investigator
edras.regisme@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2024-08035.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
06/24/2025
Evangeline Hawthorne
Director

**Cc:**
NA NA
PO BOX 40
ORLANDO, FL 32830

Human Resources
PO BOX 40
ORLANDO, FL 32830

Paul Newendyke
700 West Ball Rd
Anaheim, CA 92802

Nicole Paredes
nicole@themiamishark.com

Daniel Hunt
dhunt@gmail.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2024-08035 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2024-08035 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

 An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

 An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

 "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

 The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

 A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note:* *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.